**SOUTHWESTERN FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Gail ATKINS, Appellee.**

No. 13701.

Court of Civil Appeals of Texas.

Houston.

May 18, 1961.

Rehearing Denied June 8, 1961.

Appellee's minor daughter was seriously injured when struck by an automobile other than the cars insured by appellant. Under the medical payment provision in the policy, appellant made one payment of $500 prior to suit. It admits without question its liability in that amount. It contends, however, that such amount is in full satisfaction of its liability for medical payments under its policy, and that there can be no additional recovery, although the medical and hospitalization expenses incurred by appellee exceed $1,000. The principal question to be decided is whether under the terms of the policy $500 is the limit of recovery although the policy provides coverage on two automobiles with premiums allocated to each separately.

Subsection C. of item 3 of the policy reads under the following headings:

| "Coverage | Limits of Liability | Car 1 Premiums | Car 2 |
|---|---|---|---|
| C. Medical payments | $500.00 each person | $8.00 | $7.00" |

Under Part II—Expenses for Medical Services, the policy contains the following pertinent provisions:

"Coverage C Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental service, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile;"

Part II also contains the following:

"Limit of Liability: The limit of liability for medical payments stated in the declarations as applicable to 'each

---

Red, Kemp & Fahey, Pat N. Fahey, Houston, for appellant.

Mayfield & Atkins, Bill Atkins, Fort Worth, for appellee.

WERLEIN, Justice.

This is an appeal by Southwestern Fire and Casualty Company, a general casualty company, from a judgment recovered against it by appellee, Gail Atkins, for $500 medical payments, plus penalty and attorney's fees, on an automobile policy issued by appellant covering two automobiles owned by appellee. The policy provides coverage for: A. Bodily injury liability; B. Property damage liability, and C. Medical payments.

person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."

It is appellant's contention that the language above quoted limits the medical payments to the sum of $500 although two cars are insured under the policy and premiums are charged for medical payments on each car separately. Appellant refers to certain rules and regulations of the State Board of Insurance of Texas, and particularly to a footnote under the title "Medical Payments Insurance," in the Texas Automobile Casualty Manual, which reads: "The inclusion of more than one automobile under the policy shall not operate to increase the limits of the company's liability for the coverage under Division II."

Division II as set out in such regulations appears to be Division I in the policy (being the division we are construing herein) and applies to medical payments applicable to a suit such as this where a relative of the insured sustains bodily injury through being struck by an automobile.

■ It is our view that the rules and regulations issued and promulgated by the State Board of Insurance are for regulating and controlling insurance companies and those engaged in the insurance business, and that such rules and regulations are not binding upon a policyholder unless contained in his policy or contract of insurance. General Lloyds Fire & Casualty Co. v. Bailey, Tex.Civ.App., 253 S.W.2d 1017, writ ref. The foregoing provision relied upon by appellant is not contained in the policy issued to appellee and forms no part thereof.

Appellee contends that the situation here is no different than it would be if appellant had issued two separate policies of insurance, one providing medical payments for Car 1 and the other covering Car 2. He relies upon the provision in the policy under the title "Conditions" as follows:

"4. Two or more automobiles: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each * * *."

This provision is made applicable to all parts of the policy and in effect provides that the policy of insurance shall apply separately to each car. If it does apply separately to each car, then it would seem that the policy is in effect two policies of insurance in one. This view is supported by the fact that separate premiums are charged for each car; the medical payment premium being $8 on Car 1 and $7 on Car 2. There could be no question that if separate policies had been written by appellant the insured could recover $500 medical payments on each car since the total medical expenses exceed $1,000. If one of the policies had been written in one company and the other policy in another company, the same thing would be true. We think it is equally clear that if the insured had taken out medical payments on only one car, he could recover the sum of $500, being the amount paid him by appellant. In other words, if he can collect only $500, he is no better off for having taken out medical payments on both cars than on one car, since he could recover the same amount had he taken out medical payments on only the one car. Hence there is no consideration for the payment of the premium on the second car, if we accept appellant's construction of the contract.

■ The rules of construction to be observed in construing an insurance policy are well stated in Kelley v. American Insurance Company, Tex.Civ.App., 316 S.W. 2d 452, 455, affirmed Tex.Sup.1959, 325 S. W.2d 370, as follows:

"(1) An insurance policy will be construed strictly against the insurer; (2) when the terms of an insurance contract are capable of two or more constructions and under one a recovery is allowable and under the other it is denied, the construction which permits

recovery will be given the policy; (3) forfeitures of insurance coverage is not favored; and (4) if a fair and reasonable construction of an insurance contract will permit, a meaning will be given to its language that effectuates a contract of insurance rather than defeats it. See 24–B Tex.Jur., Insurance, Secs. 26, 27, 28, 29, 30, 31 and 32, pp. 86–109, and authorities there listed."

In applying these rules to the policy in question, it is our opinion that the policy must be treated as two separate contracts in one policy. Such construction effectuates a contract of insurance separately as to each car insured, as provided in Condition No. 4, and permits recovery rather than forfeiture of a benefit for which appellee has paid.

We have neither found nor been cited to any case directly in point. It has been held, however, that there may be a double recovery for medical expenses, one in tort and the other in contract, where separate premiums are paid for liability coverage and medical payment coverage. Severson v. Milwaukee Auto. Ins. Co., 1953, 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976. In Distefano v. Delta Fire & Casualty Company, La.App., 98 So.2d 310, the court held in effect that a liability clause in an automobile policy constituted an insurance agreement entirely separate from that afforded by a medical payment clause in such policy, and that recovery could be had under the liability clause for medical expenses of a passenger in the assured's truck, even though payment for such expenses had been previously made by the insurer under the medical payments clause of the policy.

In the instant case we do not have a claim based on the liability feature of the policy which would constitute a tort claim, but a claim based on medical payments sounding in contract on two separate cars for which separate premiums were paid, and under a policy expressly providing that the terms of the policy shall apply separately to each of the automobiles insured. The provision in the policy relied upon by appellant, to the effect that the limit of liability for medical payments stated in the declarations as applicable to each person is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident, is a provision commonly placed in such policies where there is only one car insured. In the present case we think such provision applies to each car separately and independently as provided in the policy, and means that for each car the limit is $500, or a total of $1,000 for the two cars. If the insurance company intended to limit the medical payments to the amount of $500 which a policy on only one car would provide, it should have so stipulated in no uncertain language, and it should not have charged a premium on each car separately. The policy has to be construed as a whole. In construing such provision together with the other provisions hereinabove referred to, we are of the opinion that appellee is entitled to recover the $500 additional medical payments for which he sues.

Appellant complains that the court erred in rendering judgment for the statutory penalty and attorney's fees in the amount stipulated by the parties as reasonable, because written proof of loss was not filed with appellant as provided by Article 3.62–1 of the Insurance Code of Texas, V.A.T.S.

The record shows that appellant's insurance agent, Duncan Ross, who wrote the policy, contacted appellee in regard to the claim and notified appellant of the accident and claim on April 7, 1958, three days after the accident. In the letter he wrote to appellant's agent, Hubbard, he stated, " * * this to serve as your notice of the claim involved." He also stated at the time his view that the claim would not be in excess of $500. Ross testified with respect to the claim, "It occurs to me I filled out a claimant's form." He also testified that he waited for sufficient medical bills to make a preliminary or partial claim; that he had

authority to write drafts for the company and that Hubbard authorized him to write the $500 draft delivered to appellee.

Appellee testified that he accepted the $500 check dated May 14, 1958; that he didn't ask for anything but at the request of his insurance agent, presented a bill for approximately $800. This bill was actually in the amount of $886.70 dated May 2, 1958, rendered by St. Mary's Infirmary. He also testified that there was at least $500 medical expense incurred after May 14, 1958, and that "Additional bills were submitted, and that was when we ran into our difficulties." Appellee did not testify as to the amount of the additional bills which he submitted, but from the size of the bills in evidence as reflected by the record, they were in excess of $500.

The testimony of Ross shows that he discussed with Hubbard the excess over $500, and that after weighing and deliberating and discussing the particular phase involved here, he was of the opinion "that they were stuck." He didn't have any opinion as to the liability exceeding $500 at the time he first notified Hubbard, but stated, "There was a question as the claim developed." He also testified:

"There was never any question as to the initial $500.00, but, following the processing of the second policy coverage of the medical payments, there was entered into a considerable discussion as to the question of Company responsibility on the additional supplemental payment so called, additional coverage. It must have been noted at the time that this first letter was written I did not know the extent of the injuries. I had not inquired of them."

■■ It is our view that the foregoing evidence and the submission of written bills to appellant in excess of $500 after payment of the initial $500 to appellee, support the trial court's implied finding that written proof of appellee's claim and demand for the additional $500 medical pay-ments was filed with appellant more than sixty days prior to April 6, 1959, when appellee filed the petition upon which the case went to trial, and in which he pleads that written demand was made. Metropolitan Life Ins. Co. v. Wann, 1937, 130 Tex. 400, 109 S.W.2d 470, 115 A.L.R. 1301. The proof furnished by appellee, in the absence of any request by appellant for other or additional proof satisfies the requirements of Article 3.62-1 of the Insurance Code, V.A.T.S. Moreover, appellant refused to pay the additional amount of $500, as is shown by letter dated June 18, 1958 sent to appellee by appellant's agent, Duncan Ross, in which it is stated:

"We now are in receipt of a firm refusal from the insurance company in connection with the payment of an additional $500 under the extended medical pay portion of the Southwestern Fire & Casualty Company, policy number 80024."

■ Such letter clearly shows that demand and claim were made since appellant could hardly refuse something not requested. The law is well settled that an insurance company that treats a claim as a demand for payment under the policy and denies its liability is not in a position to say no demand for payment was made. Reserve Life Insurance Co. v. Miller, Tex. Civ.App., 300 S.W.2d 343, 349, writ ref., n. r. e.

In the instant case appellant received notice of the claim, accepted and treated medical and hospital bills as written proof of loss, paid a portion of the insured loss, and later denied liability in excess of the amount paid. Clearly it is in no position to say that appellee failed to make demand and file written proof of loss. 24–B Tex. Jur., p. 686, § 343, and numerous authorities cited.

Appellant contends that appellee released his claim for the additional medical payments by accepting and cashing the draft for $500 which bore on its back the following release:

"In consideration of the payment hereby made, Southwestern Fire and Casualty Company is released and forever discharged from any further claim by reason of the loss for which this draft is drawn."

On the face of the draft appears the notation: "In full settlement and satisfaction of all medical cover."

■ We do not agree that appellee's claim for the additional $500 was released and discharged as a result of accepting and cashing such draft. It is undisputed that there never was any question or controversy concerning appellant's liability for at least $500. Appellant's agent, Ross, who handled the claim, so testified. Since the $500 was admittedly due and owing, there was no consideration for the release by appellee of the balance of his claim.

■ The law is well settled that a release is not binding unless supported by a consideration. In Woodmen of the World Life Ins. Soc. v. Armstrong, Tex.Civ.App., 170 S.W.2d 526, 528, writ ref., w. m., Justice Looney, speaking for the court, said:

"The real question involved was whether or not there was a consideration for the execution of the receipt by appellee; appellant having paid the amount admitted to be due, we do not think there was any consideration for the remission by appellee of the remainder of her claim under the certificate. * * * So, we conclude that appellant's contention that there was an accord and satisfaction is without merit, and is overruled."

See also Woodmen of World Life Ins. Soc. v. Smauley, Tex.Civ.App., 153 S.W.2d 608. In that case the action was on a double indemnity benefit certificate. There was no dispute between the parties as to its liability on the life certificate. The dispute related to the defendant's liability on the double indemnity provision of the contract. The court held that acceptance by the beneficiary of the payment of the amount due on the life certificate and the signing of a release to the effect that payment in full was received of all demands against the Association, arising under the certificate, did not constitute an accord and satisfaction or the release of the Association's liability on the double indemnity provision.

The case of Sustala v. North Side Ready-Mix Concrete Co., 317 S.W.2d 64, decided by this Court, and relied on by appellant, is distinguishable as an examination of that case will clearly show.

■ Appellee's motion to strike certain purported instruments and the judgment of the court in Cause No. 511,478 in the District Court of Harris County, is overruled, since such instruments and judgment have not been filed in this Court and are not a part of the record herein.

The judgment of the Trial Court is affirmed.