**AMERICAN LIBERTY INSURANCE COMPANY, Appellant,**

v.

**Harold S. RANZAU et al., Appellees.**

**No. 15007.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 22, 1971.

Rehearing Denied Dec. 1, 1971.

George H. Spencer, Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Trueheart, McMillan, Russell & Hoffman, C. W. Trueheart, San Antonio, for appellees.

KLINGEMAN, Justice.

This is an appeal from a nonjury trial involving two questions of "uninsured motorist coverage" under a Texas automobile insurance policy. The trial court held that the "other insurance" provision of the policy was invalid so that appellees' prior recovery of $10,000.00 from another insurer was immaterial, and that appellees could additionally recover $20,000.00 from appellant for a one-person injury rather than $10,000.00.

Harold S. Ranzau, the father of Paula Ranzau, was the holder of a "family combination auto policy" issued by appellant, American Liberty Insurance Company. This policy contained uninsured motorist coverage required by the Insurance Code of Texas in the limits of $10,000.00 each person, $20,000.00 each accident. The parties stipulated that Paula Ranzau was riding as a passenger in an automobile owned by Col. Victor Raphael; that such automobile was struck by an uninsured motorist who was negligent and proximately caused the injuries of Paula Ranzau; that at the time of such collision, Col. Raphael had in force and effect a policy of insurance with United Services Automobile Association; and that Col. Raphael's insurer paid plaintiffs $10,000.00 under the uninsured motorist coverage of his policy. Both the American Liberty Insurance Company policy and the United Services Automobile Association policy were introduced into evidence.

The only testimony heard by the trial court consisted of testimony with regard to the injuries of Paula Ranzau, who suffered severe disabling personal injuries, with the trial court finding that plaintiffs had suffered damages in the sum of $50,-000.00. Appellant makes no complaint of this finding. The only other testimony found in the statement of facts is that of appellant's witness, Jess Greenwolt, who testified that he had been in the insurance business for forty-two years; in automobile insurance underwriting for twenty years; a member of the governing committee of Texas Automobile Insurance Service Office assisting the State Board of Insurance in promulgating rates; and that he had worked with the underwriting and premium rate features of uninsured motorist coverage since its inception in Texas. Plaintiffs then objected to any testimony pertaining to premiums for uninsured motorist coverage on the ground that it was

irrelevant and varied the policy by parol evidence. The court then allowed defendant to develop Mr. Greenwolt's testimony for the purpose of its bill of exceptions. He testified in effect that the premium for uninsured motorist coverage in Texas since October of 1967 has been $4.00 for the first car and $3.00 for each additional car, regardless of how many; that the additional premium of $1.00 afforded non-owned automobile coverage to an insured; and that the additional $1.00 premium had no relevance to the number of cars owned by the insured. Plaintiffs' policy, which was introduced into evidence, consists of two parts—the original policy (Exhibit A) and an endorsement (Exhibit B). The original policy describes two owned automobiles and the family policy (uninsured motorist) coverage premium is listed as $7.00. The endorsement, which is entitled "Family Automobile Policy—Non-Uniform Limits or Coverage Endorsement", describes the same two automobiles, and the uninsured motorist coverage premium is shown as $4.00 and $3.00.

By its first point of error appellant asserts that the trial court erred in rendering judgment for appellees because the "other insurance" clause in appellees' insurance policy is valid and precludes further recovery, appellees having previously recovered $10,000.00 from another insurer.

The only Texas case that we have found passing on this specific question is a recent decision by the Dallas Court of Civil Appeals, Fidelity & Casualty Company of New York v. Gatlin, 470 S.W.2d 924 (1971). The Dallas Court, after stating the question: "May an automobile liability insurance carrier providing coverage against injury by an uninsured motorist pursuant to the requirements of Art. 5.06–1, Insurance Code, Vernon's Ann.Civ.St. of Texas,[1] deny liability on the ground that the insured has other similar insurance available to him?", held: (1) that our uninsured motorist statute sets a minimum amount of coverage but it does not place a limit upon the total amount of recovery so long as that amount does not exceed the amount of actual loss; (2) that where the loss exceeds the limits of one policy, the insured may proceed under other available policies; (3) and that where uninsured motorist coverage has been provided, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving the benefit of that coverage."

The policies involved in the case before us and in the Dallas case contain the following identical provisions:

"'With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"'Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and

1. The material portions of our uninsured motorist law, being Article 5.06–1, Insurance Code, V.A.T.S., which was enacted by amendment in 1967, provide:
"No automobile liability insurance * * * covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.' "

Although the Dallas case is the only case we have found on the specific point involved under appellant's Point of Error No. 1, there is a conflict in the cases from other jurisdictions which deal with the question here presented. See 28 A.L.R.3d 551, 554, wherein it is stated:

"A number of courts have held that 'other insurance' provisions, whether in the form of a 'pro rata,' 'excess insurance,' 'excess-escape,' or other similar clause, are invalid as a part of uninsured motorist protection, on the ground that the statute requiring every liability policy to provide this type of protection will not permit the insurer to provide in any way that the coverage will not apply where other insurance is also 'available,' despite the fact that the insured may thus be put in a better position than he would be in if the other motorist were properly insured.[2] Other courts have stated, however, that the design and purpose of the uninsured motorist statutes are to provide protection only up to the minimum statutory limits for bodily injuries, and not to provide the insured with greater insurance protection than would have been available had he been injured by insured motorist, and have held that such 'other insurance' provisions are valid where they do not reduce coverage below the minimum statutory limits."

The reasoning in support of the majority view is well set forth in the decision of the Supreme Court of Florida in Sellers v. United States Fidelity & Guaranty Company, 185 So.2d 689 (1966), in construing the uninsured motorist statute in Florida, F.S., Section 627.0851, F.S.A., which is almost identical with our Texas statute, wherein the Court stated:

"It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons, including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the statute for an insurer limiting its liability through 'other insurance'; 'excess-escape' or 'pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected." (185 So.2d at 690)

\* \* \* \* \* \*

"Our views herein are predicated upon our construction of § 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit 'other insurance' clauses in the policy which are contrary to the statutorily limited amounts of coverage. It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000 and he is the beneficiary of more than one policy issued under § 627.0851. The statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it is not intended that an insured shall receive more from such coverage than his actual

2. This is apparently the majority rule in the United States and is supported by many authorities. See Fidelity & Casual-

ty Company of New York v. Gatlin, 470 S.W.2d 924, supra.

loss, although he is the beneficiary under multiple policies issued pursuant to F.S. § 627.0851, F.S.A. * * *" (185 So.2d at 692)

In so far as appellant's Point of Error No. 1 is concerned, we are in agreement with the holding of the Dallas Court of Civil Appeals, supra; and we hold that the fact that appellees have previously recovered $10,000.00 from another insurer does not preclude further recovery by appellees, the actual loss admittedly being in excess of $10,000.00. Appellant's Point of Error No. 1 is overruled.

■ Appellant's second point of error is that the trial court erred in disregarding the policy limits of $10,000.00 and rendering judgment for appellees for $20,000.00, because the limit of liability under uninsured motorist coverage for a one-person injury is $10,000.00, both by Texas statute and by policy provisions. It is appellant's contention that even if the "other insurance" clause is invalid, the judgment should have only been in the amount of $10,000.00 rather than $20,000.00.

Plaintiffs alleged the policy involved insured two automobiles containing provisions for $10,000.00 uninsured motorist coverage on each car, for which separate premiums were collected by defendant; and that such policy is in effect two policies of insurance in one, and that plaintiffs are entitled to full indemnity to the extent of $20,000.00. In support of such contention, plaintiffs cite and rely on what is sometimes referred to as the medical payment insurance cases: Harlow v. Southern Farm Bureau Casualty Ins. Co., 439 S.W.2d 365 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); and Southwestern Fire & Casualty Co. v. Atkins, 346 S.W.2d 892 (Tex. Civ.App.—Houston 1961, no writ).[3]

The most analogous Texas case we have found, and which we think is controlling, is the recent decision of the Supreme Court in Allstate Insurance Company v. Zellars, 462 S.W.2d 550 (Tex.1970). Zellars was driving a non-owned automobile and had a policy with Allstate covering two automobiles he owned with $5,000.00 property damage liability for each owned car. The trial court and the Court of Civil Appeals held that Zellars was entitled to indemnity from Allstate for property damages up to $10,000.00, although the policy which insured his two-person automobiles limited property damage liability to $5,000.00. The Supreme Court modified and reformed the judgment of the lower court so as to declare Allstate's liability for property dam-

3. "This provision is made applicable to all parts of the policy and in effect provides that the policy of insurance shall apply separately to each car. If it does apply separately to each car, then it would seem that the policy is in effect two policies of insurance in one. This view is supported by the fact that separate premiums are charged for each car; the medical payment premium being $8 on Car 1 and $7 on Car 2. There could be no question that if separate policies had been written by appellant the insured could recover $500 medical payments on each car since the total medical expenses exceed $1,000. If one of the policies had been written in one company and the other policy in another company, the same thing would be true. We think it is equally clear that if the insured had taken out medical payments on only one car, he could recover the sum of $500, being the amount paid him by appellant. In other words, if he can collect only $500, he is no better off for having taken out medical payments on both cars than on one car, since he could recover the same amount had he taken out medical payments on only the one car. Hence there is no consideration for the payment of the premium on the second car, if we accept appellant's construction of the contract." (346 S.W.2d at 894)

* * * * *

"In applying these rules to the policy in question, it is our opinion that the policy must be treated as two separate contracts in one policy. Such construction effectuates a contract of insurance separately as to each car insured, as provided in Condition No. 4, and permits recovery rather than forfeiture of a benefit for which appellee has paid." (346 S.W.2d at 895)

ages to be limited to $5,000.00. The Supreme Court discussed at length the medical payment cases of *Atkins* and *Harlow*, supra, stating:

"Assuming that the *Atkins* and *Harlow* cases are correct, the distinctions between that form of insurance [i. e., medical payments insurance] and the liability insurance in issue in this case preclude their being authority for the decision of the court below * * * [quoting from Allstate Insurance Co. v. Mole, 414 F.2d 204, 207 (5th Cir. 1969) [4]] 'The policy holder is already covered while driving all non-owned vehicles, regardless of the number of owned vehicles named in the policy, *and pays no additional premium for non-owned vehicles coverage if an additional car is added to the policy.*' * * * If Zellars had in fact paid an additional premium for non-owned automobile coverage when he added the second car to his policy, the medical payment cases would lend stronger support to his claim. But there is no proof of such an additional premium; the Renewal Certificates which indicate the amount charged for the various forms of coverage under the policy are silent as to the amount, if any, charged for non-owned automobile coverage." (462 S.W.2d at 555–556)

It was plaintiffs' burden to prove, as they alleged, that they paid two separate premiums for uninsured motorist coverage for injuries sustained in a non-owned automobile. There is no proof in the record that plaintiffs paid two separate premiums for non-owned automobile coverage. The policy is silent as to the amount, if any, charged for non-owned automobile coverage. The only evidence offered as to the charges for premiums for non-owned automobiles which was admitted by the court for the purposes of appellant's bill of exceptions, was that a $1.00 premium is charged for non-owned automobile coverage irrespective of the number of cars; that such premium charge is added for the premium on car No. 1 and not on additional cars under the policy.

There is no proof in the record that plaintiffs paid an additional premium for non-owned automobile coverage on a second car listed in their policy. We hold that under the record before us, appellees are entitled to recover only the sum of $10,000.00 against appellant, rather than $20,000.00.

In view of our holding on appellant's Point of Error No. 2, we do not deem it necessary to pass on appellant's last point of error that the trial court erred in sustaining appellees' objection to proof that appellees did not pay two premiums for coverage for injuries in the non-owned automobile.

The judgment of the trial court is reformed so as to provide that appellees recover the sum of $10,000.00 from appellant, rather than $20,000.00; and as so reformed, the judgment is affirmed. Costs are assessed one-half to plaintiffs and one-half to defendant.

4. "Non-owned vehicle coverage by definition cannot be derived from the coverage on a particular owned vehicle. It is separate insurance and, moreover, does not apply if one of the owned vehicles gives rise to the accident. The idea that a policy holder could increase his non-owned vehicle coverage by adding owned vehicles to his policy is a concept this court cannot comprehend." (414 F.2d at 207)