**NORTHWESTERN MUTUAL INSURANCE COMPANY et al., Appellants,**

v.

**Jean Andrews LAWSON et al., Appellees.**

**No. 581.**

Court of Civil Appeals of Texas, Tyler.

Feb. 3, 1972.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, James S. Roper, Lufkin, for appellants.

Fairchild, Hunt & Price, Center (Robert Fairchild, Center, of counsel), for appellees.

DUNAGAN, Chief Justice.

This appeal is from an Order entered by the District Court of Shelby County, Texas, overruling the pleas of privilege of the appellants, Northwestern Mutual Insurance Company, Texas Farmers Insurance Company and Commercial Standard Insurance Company. A determination of the correctness of the Order requires a construction of certain portions of the uninsured motorist provisions of automobile liability policies issued in Texas. For convenience the insurers will be designated "Northwestern," "Farmers" and "Commercial."

As shown by the record, the automobile accident out of which the case arises oc-

curred near Center in Shelby County on November 20, 1969, involving a 1970 Jeep Wagoneer, owned by Memorial Home Health, Inc., of Center, Texas, which vehicle was, at the time, being operated by appellee, Jean Andrews Lawson, and in which appellee, Era Baker Hammond, was riding as a passenger. The other vehicle involved in the collision was a 1968 Plymouth sedan owned and being driven at the time by Herbert L. Dudley, the alleged "uninsured motorist." The appellees aforesaid are employees of Memorial Home Health, Inc., and at the time of the collision were acting within the course and scope of their employment with Memorial, and appellee, Jean Andrews Lawson, was authorized to drive the Jeep vehicle. Mrs. Lawson is a licensed vocational nurse and Mrs. Hammond, a supervisor, on this occasion accompanied Mrs. Lawson in order to observe the manner in which she performed her duties. The record, unnecessary to repeat in detail here, discloses that the appellees sustained serious bodily injuries as a result of the collision and the record amply raises issues of actionable negligence against Dudley, the driver of the other vehicle.

It was established that prior to the date of the accident—November 20, 1969—Northwestern had issued to Memorial Home Health, Inc., a policy of automobile liability insurance covering the Jeep Wagoneer. Farmers had issued to Billy E. Lawson, husband of appellee, Jean Andrews Lawson, an automobile liability insurance policy covering the Lawsons' personal automobiles. This policy contained provisions providing uninsured motorist protection to Billy E. Lawson and others covered by the policy. Likewise, Commercial, prior to the date aforesaid, had issued to appellee, Era Baker Hammond, an automobile liability insurance policy covering her personal automobile. This policy contained provisions affording her uninsured motorist protection. All three of the aforementioned liability policies were, admittedly, in effect at the time of the collision made the basis of this action.

Appellees, Billy E. Lawson and wife, Jean Andrews Lawson, instituted this suit in the District Court of Shelby County against Northwestern for $10,000.00 and against her insurer, Farmers, for an additional $10,000.00. Appellee, Era Baker Hammond, likewise in this suit sought damages against Northwestern for $10,000.00 and an additional $10,000.00 against her insurer Commercial—all recoveries sought under the uninsured motorist provisions of the various policies.

All appellants filed pleas of privilege seeking to transfer this case to the counties of their residence. The pleas of privilege were timely controverted. Appellees attempt to maintain venue in Shelby County as to all of the insurers under Exceptions 23, 9, 9a, 27 and 28 of Article 1995, Vernon's Ann.Tex.St.

Upon the venue hearing below there was evidence tending to show that the motorist Dudley was "uninsured" and although it is not admitted by appellants, the evidence was sufficient to support such implied finding by the trial court. It was further established that each of the appellants is a corporation although there is a dispute as to whether Northwestern is a foreign corporation. At the conclusion of the hearing below, the court overruled the plea of privilege of each appellant and this appeal from such order has been timely and properly perfected. Findings of fact and conclusions of law were neither requested nor filed.

Appellants bring forward eleven points of error which, for convenience, may be grouped, asserting the trial court erred in overruling the pleas of privilege because (a) appellees failed to prove a "cause of action" against Farmers and Commercial as required by Exception 23 of Article 1995 since there can be no stacking or pyramiding of uninsured motorist coverage and there can be no excess as a matter of law; (b) there was no evidence, and insufficient evidence to support the trial court's finding that Dudley was an "uninsured mo-

torist" and such implied finding is against the great weight and preponderance of the evidence; (c) that, as to Northwestern, there is no evidence, and insufficient evidence that it was a foreign corporation as required by Exception 27 of Article 1995 and such implied finding by the trial court is against the great weight and preponderance of the evidence; (d) that, as to all three appellants, there is no evidence that they committed a crime, offense or trespass in Shelby County as required by Exception 9 of Article 1995, or committed negligence in said county as required by Exception 9a of said Article; and (e) there is no evidence to support the trial court's implied finding that appellants were the type of insurer falling within the classifications set forth in Exception 28 of Article 1995 aforesaid.

◼ It is our view that appellants correctly assert that Exceptions 9, 9a and 28 of Article 1995 [1] are inapplicable to the case. Appellees concede this and, for that reason, it will be unnecessary to note further points of error (d) and (e) as grouped hereinabove. In view of our disposition of the case, it is likewise unnecessary to discuss point (c) above because if the other requirements of the law are met, venue as to Northwestern may be retained in Shelby County whether it is a domestic or foreign corporation. Exception 23 of Article 1995 applies to foreign as well as to domestic corporations. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978 (1932); Pittsburgh Water Heat-

er Co. v. Sullivan, 115 Tex. 417, 282 S.W. 576 (1926); Shamrock Oil and Gas Corporation v. Price, 364 S.W.2d 260 (Tex.Civ. App., Amarillo, 1963, n. w. h.).

◼ This brings us to a consideration of the controlling issue in this case. The question presented is whether venue, as to appellants, can properly be maintained in Shelby County under Exception 23 of Article 1995 aforesaid.[2] Appellees sought to hold the appellants in Shelby County by proving that they did have, in fact, a "cause of action" against them and that such cause of action or a part thereof arose in the county of suit. Unless the appellees could establish that they did have, in fact, a "cause of action," they could not show that a "part thereof" arose anywhere. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S. W.2d 694 (Tex.Civ.App., Tyler, 1965, n. w. h.). It has been established that the appellants are private corporations and it remained, therefore, only necessary on this point for appellees to show as an additional venue fact that they did, in fact, have a "cause of action" against the appellants and that such cause of action, or a part thereof, arose in Shelby County. The existence of the cause of action, as a venue fact, must be established by a preponderance of the evidence. Crawford v. Sanger, 160 S.W.2d 115 (Tex.Civ.App., Eastland, 1941, n. w. h.); Educators Mutual Life Ins. Co. of America v. Skinner, 146 S.W. 2d 276 (Tex.Civ.App., Beaumont, 1940, n. w. h.).

---

1. Exception 9 of Article 1995 relates to crimes, offenses and trespasses; Exception 9a is based upon negligence per se, negligence at common law or any form of negligence, and Exception 28 relates to fire, marine or inland insurance companies. Obviously, none of these three Exceptions are applicable in the case under consideration.

2. "23. Corporations and associations.— Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part

thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; or, if the corporation, association, or joint stock company had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative. * * * "

The issuance of the automobile liability policies by appellants is admitted. Each policy contained provisions providing for uninsured motorist coverage.[3] If the appellees are entitled to the benefits of the uninsured motorist coverage as provided in their own policies, they have established a cause of action and, at least, a *part* of such cause of action arose in Shelby County. If, as argued by appellants, the Texas law precludes the stacking or pyramiding of the uninsured motorist coverages, the appellees do not have a "cause of action" as against Farmers and Commercial and the appellants' pleas of privilege were erroneously overruled.

The question under consideration has been the subject of many decisions throughout the United States and, needless to say, the decisions are in a hopeless state of conflict. There is strong argument sustaining the validity of conflicting "other insurance" clauses and yet still other convincing arguments that such a clause cannot be used to deny an insured the recovery of his proper amount of damages. A number of decisions have held "other insurance" provisions whether in the form of a "pro rata," "excess insurance," "excess-escape," and other similar clauses invalid as a part of uninsured motorist protection principally upon the ground that the statute requiring every liability policy to provide uninsured motorist protection will not permit the insurer to provide in any way that the coverage will not apply where other insurance is available. These decisions have been made despite the fact that the insured may actually be placed in a better position than he would have been if the other motorist were properly insured. The many decisions upon this question have been collated and appear in 28 A.L.R.3d 551. Although it is difficult to determine which view actually represents the majority view in this country, two recent Texas cases apparently adopt the view that the "other insurance" clauses cannot be used to deny liability on the ground that the insured has other similar insurance available to him. Fidelity & Casualty Company of

3. Under the Family Protection Against Uninsured Motorist Endorsement 230 of the Northwestern policy, there is the following provision with reference to "other insurance," to-wit:

"OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater portion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The "other insurance" provisions of this coverage under Farmers and Commercial policies are identical and read as follows:

"OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater portion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

New York v. Gatlin, 470 S.W.2d 924 (Tex. Civ.App., Dallas, 1971, n. w. h.); American Liberty Insurance Company v. Ranzau, 473 S.W.2d 249 (Tex.Civ.App., San Antonio, 1971, writ pending).

The facts in the two cited cases are indistinguishable from the established facts in the record before us. In *Gatlin*, Mrs. Margaret E. Gatlin received fatal injuries while riding as a passenger in an automobile owned and being operated by a Mrs. James W. Talley. The fatality resulted from the negligence of an uninsured driver. The Talley automobile was covered by a policy of public liability insurance issued by Republic Insurance Company, such policy containing an uninsured motorist endorsement with the minimum limits required by Texas law. The Gatlins likewise had an automobile insurance policy on their individual automobile with similar coverage which had been issued by Fidelity & Casualty Company of New York. There were other injured persons riding in the vehicle and a judgment was entered by the court against Republic Insurance Company prorating the limits of the uninsured motorist coverage of such company equally among five parties so that the beneficiaries of Mrs. Gatlin received only $4,000.00. A claim was made against the Fidelity & Casualty Company by the Gatlin beneficiaries seeking to collect an additional $10,000.00 under the Fidelity & Casualty Company policy. After an extended discussion of the question presented, the court adopts the view that under those circumstances the proceeds of the uninsured motorist protection of the Gatlin policy were available to the Gatlin beneficiaries. The court specifically held that Texas should join those jurisdictions which have construed their uninsured motorist liability coverage statutes as meaning that the "other insurance" provisions of liability insurance policies cannot be utilized to limit the recovery of actual damages caused by an uninsured motorist.

The *Ranzau* case is equally persuasive. In that case Harold S. Ranzau, the father of Paula Ranzau, was the holder of a family combination auto policy issued by appellant, American Liberty Insurance Company. This policy contained an uninsured motorist coverage required by the Insurance Code of Texas with minimum limits. Paula Ranzau sustained severe injuries while riding as a passenger in an automobile owned by Col. Victor Raphael when it was struck by an uninsured motorist who negligently caused the injuries of Paula. Col. Raphael had in full force and effect a policy of insurance with United States Automobile Association and his insurer paid the Ranzaus its limit of $10,000.00 under the uninsured motorist coverage of its policy. Thereafter the Ranzaus sought to obtain the limits of the American Liberty Insurance Company policy claiming that they were permitted to pyramid the coverages and recover the limit under each policy. The trial court had found that the plaintiffs had suffered damages in the sum of $50,000.00 which greatly exceeded the combined coverages of the two insurance policies involved. The court held, following the decision of Fidelity & Casualty Company of New York v. Gatlin, supra, that the fact that the plaintiffs had previously recovered $10,000.00 from another insurer did not preclude further recovery by them, the actual loss admittedly being in excess of $10,000.00.

As stated above, these two cases cannot be logically distinguished from the factual background of the case under consideration. In our opinion the cited cases are controlling and we, therefore, hold that the appellees herein, within the limits of the policies involved, are entitled to reach the proceeds of their respective uninsured motorist coverages of their individual automobile liability policies, provided, of course, that in no case can they recover more than their actual losses. It follows that the appellees, as to Farmers and Commercial, have established for venue purposes a cause of action against the insurers. It also follows that in view of the admissions on file, appellees, for venue purposes, are entitled to recover against Northwestern

under the uninsured motorist provision of the Northwestern policy.

The trial court correctly overruled the appellants' pleas of privilege and the judgment is affirmed.

Affirmed.