**AMERICAN LIBERTY INSURANCE COMPANY, Petitioner,**

v.

**Harold S. RANZAU et al., Respondent.**

**No. B–3098.**

Supreme Court of Texas.

June 7, 1972.

Rehearing Denied July 19, 1972.

Clemens, Knight, Weiss & Spencer, George H. Spencer, San Antonio, for petitioner.

Trueheart, McMillan, Russell & Hoffman, C. W. Trueheart, San Antonio, for respondent.

STEAKLEY, Justice.

The suit here was by the insureds, Harold S. Ranzau and his daughter, Paula, against their insurer, American Liberty Insurance Company. It concerns uninsured motorist coverage under the Texas standard family combination automobile liability policy in question. The policy insured two automobiles owned by Ranzau. Paula suffered personal injury damages of $50,000 while a passenger in a non-owned insured automobile, the injuries having been proximately caused by the negligence of an uninsured motorist. She has since reached her majority. The uninsured motorist coverage was limited to $10,000 for injury to one person. Two aspects of the problem are presented: whether the "other insurance" clause in the policy, with the effect later shown, is valid; and whether, because of the coverage of two Ranzau automobiles, and the payment of a premium for uninsured motorist protection as to each, there is uninsured motorist protection of

$20,000 for injury to one insured while riding in a non-owned automobile.

The parties agree that the statement of the case by the court of civil appeals is correct and we lift the following from the opinion. The "Family Combination Automobile Policy," issued by American Liberty Insurance Company consisted of the original policy and an endorsement. It insured two automobiles owned by Ranzau and contained uninsured motorist coverage required by the Insurance Code of Texas in the limits of $10,000 each person, $20,000 each accident. The premium attributable to this protection is shown by this entry on the face of the Endorsement:

"Uninsured Motorists 10/20 Limits 4.00
3.00"

The parties stipulated that Paula Ranzau was riding as a passenger in an automobile owned by Col. Victor Raphael; that such automobile was struck by an uninsured motorist whose negligence proximately caused the injuries to Paula Ranzau; that at the time of such collision, Col. Raphael had in force and effect a policy of insurance with United Services Automobile Association; and that Col. Raphael's insurer paid the Ranzaus $10,000 under the uninsured motorist coverage of his policy. The only testimony heard by the trial court related to the injuries of Paula Ranzau, who suffered severe disabling personal injuries. The trial court found that the Ranzaus had suffered actual damages in the sum of $50,000 and there is no complaint of this finding.

The trial court held invalid the "other insurance" provision of the Ranzau policy, so that the prior recovery by the Ranzaus of $10,000 from the Raphael insurer was immaterial; also, that the Ranzau insureds could recover an additional $10,000, i.e., $20,000, from their insurer, American Liberty. The court of civil appeals agreed with the first holding of the trial court but disagreed with the second; it ruled that the Ranzau insureds were entitled to recover from their insurer only the uninsured motorist policy limit of $10,000 for injury to one person. Tex.Civ.App., 473 S.W.2d 249. Both the insured and the insurer filed writ applications. American Liberty Insurance Company attacks the holding that the "other insurance" clause is invalid; the Ranzaus attack the holding that limits them to a recovery of $10,000 from their insurer, American Liberty. We affirm.

The "other insurance" provision in the Ranzau policy is quoted in the margin.[1] It is not questioned by the parties that its terms preclude a recovery in excess of the $10,000 paid the Ranzaus by the insurer of the non-owned automobile in which Paula was a passenger, and this is not before us. The question the parties have brought forward is whether such a device for limiting liability, insofar as insureds are concerned, contravenes the requirements of Art. 5.06–1, Insurance Code, Vernon's Annotated Texas Statutes:

"No automobile liability insurance * * * covering liability arising out of the ownership, maintenance, or use of

1. " 'With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
" 'Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.' "

any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . ."

Sec. 21 of Art. 6701h, the Safety Responsibility Law, provides in part:

"(b) Such owner's policy of liability insurance:

"1. Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

"2. Shall pay on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: Ten Thousand Dollars ($10,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, Twenty Thousand Dollars ($20,000) because of bodily injury to or death of two (2) or more persons in any one accident, and Five Thousand Dollars ($5,000) because of injury to or destruction of property of others in any one accident."

American Liberty contends that the court of civil appeals was in error in holding invalid the "other insurance" provision for two basic reasons: that Art. 5.06–1 of the Texas Insurance Code expressly authorizes the State Board of Insurance to subject policy limits of liability to reasonable regulations, and the Board has prescribed the "other insurance" provisions consistent with the statutory requirements; and that it is the intent of the Texas plan of uninsured motorist insurance to provide only $10,000 insurance coverage for injury to one person.

The Ranzaus say in reply that the "other insurance" provision conflicts with the requirements of Art. 5.06–1 which cannot be overridden by the Board of Insurance Commissioners; that Art. 5.06–1 merely fixes a minimum requirement of $10,000 uninsured motorist protection and is subject to liberal construction in favor of the insureds; and that premiums were paid on each policy, i.e., on the Ranzau policy and the Raphael policy, for the uninsured motorist insurance, and it would be unconscionable to permit the insurers to devise a limitation under which payment by one or the other is avoided.

■ The courts of Texas that have examined the problem have uniformly sustained the position of the insureds. The court of civil appeals here followed Fidelity & Casualty Company of New York v. Gatlin, 470 S.W.2d 924 (Tex.Civ.App.1971, no writ), which court likewise cited the decision of the Supreme Court of Florida in Sellers v. United States Fidelity & Guaranty Company, 185 So.2d 689 (Fla.1966) as particularly pertinent in its construction of the uninsured motorist statute of Florida. See also Northwestern Mutual Insurance Company v. Lawson, 476 S.W.2d 931 (Tex.Civ.App.). The opinion in *Gatlin* contains an extensive collation of authorities showing the divided state of the law on the issue. It would serve no purpose to repeat these copious citations here. We recognize, as American Liberty emphasizes, that our statute provides that its requirements are to be accomplished "under provisions prescribed by the Board." But the Board may not act contrary to but only consistent with, and in furtherance of, the

expressed statutory purposes; and if the "other insurance" clause contravenes the statute, its prescription or approval by the Board is ineffective.

We agree with our intermediate courts and thus join those jurisdictions which have construed their uninsured motorist statutes as precluding the use of "other insurance" clauses to limit the recovery of actual damages caused by an uninsured motorist. The Texas statute states its purposes to be "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." These are its key words. The statute does not expressly or by any reasonable inference limit *the recovery* of actual damages to the statutory limits of required coverage for one policy in circumstances where the conditions to liability are present with respect to two policies with different insurers and insureds. This is the effect, however, of "other insurance" clauses, whether in the form of "pro-rata," "excess insurance," "excess-escape" or like clauses; one or the other insurer escapes liability, or both reduce their liability. Paula Ranzau was a beneficiary of the uninsured motorist provisions in the policy issued by American Liberty covering the Ranzau automobiles, and in the Raphael policy issued by United Services Automobile Association covering the Raphael automobile in which she was a passenger. This was a contractual benefit for which premiums, presumably computed in the light of the respective risk exposures, were paid by the insureds in each instance; and to permit one policy, or the other, to be reduced or rendered ineffective by a liability limiting clause would be to frustrate the insurance benefits which the statute sought to guarantee and which were purchased by the respective insureds.

As previously noted the court of civil appeals also held that the Ranzaus were entitled to recover only the sum of $10,000 from their insurer as the limit of their uninsured motorist protection, Paula having been injured in circumstances which invoked the non-owned automobile coverage. It was the view of the court that the problem was ruled by Allstate Insurance Co. v. Zellars, 462 S.W.2d 550 (Tex.1970), there being no proof that the Ranzaus had paid an additional and separate premium for non-owned automobile coverage with respect to the second of the Ranzau automobiles covered by the American Liberty policy. In their application for writ from this ruling the Ranzaus point out that premiums of $4.00 and $3.00 were paid for uninsured motorist coverage of $10,000 as to the respective automobiles; and they argue that this coverage is without any distinction between injury to an insured in an owned or a non-owned automobile, or afoot. They emphasize that *Zellars* rested, in part, upon the fact that non-owned vehicle coverage is separate insurance covering the policy holder as to all non-owned vehicles without regard to the number of owned vehicles named in the policy, and for which no additional premium arises when additional automobiles are added to the policy. It is reasoned from this that the extra uninsured motorist premium of $3.00 paid when the second automobile was added also paid for added non-owned automobile coverage, unlike medical payment coverage for which the insured optionally pays a separate premium, citing Southwestern Fire & Casualty Co. v. Atkins, 346 S.W.2d 892 (Tex.Civ.App.1961, no writ).

We agree with the court of civil appeals that Ranzau did not pay an additional premium for or acquire added non-owned automobile protection from an uninsured motorist when he paid the premium of $3.00 for uninsured motorist coverage on the second owned automobile and hence this payment cannot serve as a basis for holding that he has double coverage and can recover two policy limits of $10,000 for injury to one person. Ranzau received such coverage under the basic policy and the premium charged therefor, whether or not the policy covered one or many owned

automobiles, and without the payment of an additional premium upon the addition of owned automobiles. *Zellars, supra.* Moreover, there was consideration for the extra premium of $3.00 upon the addition of the second owned automobile in the protection afforded Ranzau if an insured, while using the second owned automobile, suffered damages at the hands of an uninsured motorist. If it be said that the uninsured motorist premium payment of $3.00 on the second automobile included payment for a second non-owned automobile coverage, and hence would support a doubling of the uninsured motorist limit of $10,000 for injury to one person while riding in a non-owned automobile, it would necessarily follow that the limit would be tripled or quadrupled, by the addition of a third and a fourth automobile, and so on. In our view, this could only follow from proof that a premium was charged and paid for this additional risk exposure and protection; and for the reasons we have indicated, this is not shown in the fact of the extra premium of $3.00 attributable to uninsured motorist coverage on the second automobile upon which the Ranzaus rely.

The judgment of the court of civil appeals is affirmed.

Dissenting opinion.

WALKER, J., in which GREENHILL, REAVLEY and McGEE, JJ., join.

WALKER, Justice (dissenting).

Unlike the statutes of other jurisdictions, Art. 5.06–1, V.A.T.S. Insurance Code, provides for uninsured motorist coverage in stated limits "under provisions prescribed by the Board." In view of this stipulation, it is my opinion that the "other insurance" provisions of the policy, which are entirely reasonable and consistent with the purpose of the statute, are valid and effective. I would hold that respondents are entitled to no recovery against petitioner under the facts of this case.

GREENHILL, REAVELY and McGEE, JJ., join in this dissent.