The **FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Fred T. McMAHON et al., Appellees.**

**No. 7370.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1972.

Motion for Rehearing Overruled Nov. 30, 1972.

Mehaffey, Weber, Keith & Gonsoulin, Beaumont, for appellant.

Joe H. Tonahill, Monte Lawlis, Jasper, for appellee.

DIES, Chief Justice.

Plaintiffs below recovered judgment upon a jury verdict for $1500 damages sustained by Fred McMahon in an automobile collision. Under coverage of a workmen's compensation policy, McMahon had recovered $3,930 for injuries and disabilities arising out of the same accident. The defendant, Otis Strahan, who was found responsible for the collision by the jury, carried no liability insurance but the vehicle driven by McMahon was covered by a policy containing uninsured motorist protection. An endorsement of this policy provided:

"6. Limits of Liability

\* \* \* \* \* \*

"(b) Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by

\* \* \* \* \* \*

"(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, . . . . "

The trial court refused to give effect to this limitation from which the Fidelity & Casualty Company of New York perfects this appeal. This is a Texas Standard Policy and the limitation is approved by the Texas Board of Insurance.

This is a case of first impression in that thus far no Texas case has construed the particular policy provision respecting a reduction to the extent of workmen's compensation benefits paid. A number of other states have been presented with this question. The greatest number seem to have upheld this policy limitation.

Our Supreme Court of Texas recently decided in a five to four decision on a very similar question. In American Liberty Insurance Company v. Ranzau, 481 S.W.2d 793 (Tex.1972), Paula Ranzau was riding as a passenger in an automobile owned by Colonel Victor Raphael. It was struck by an uninsured motorist whose negligence proximately caused the injuries to Paula Ranzau. Colonel Raphael's insurer paid

the Ranzaus $10,000 for Paula's injuries. The Ranzaus then sued American under a family combination policy. This policy contained an "other insurance" provision which precluded a recovery in excess of the amount paid the Ranzaus by the insurer of Colonel Raphael. (The full text of this provision is included in a footnote to the Supreme Court's decision in this case, 481 S.W.2d at p. 795.) The court then stated:

"We agree with our intermediate courts and thus join those jurisdictions which have construed their uninsured motorist statutes as precluding the use of 'other insurance' clauses to limit the recovery of actual damages caused by an uninsured motorist. The Texas statute states its purposes to be 'the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.' These are its key words. The statute does not expressly or by any reasonable inference limit *the recovery* of actual damages to the statutory limits of required coverage for one policy in circumstances where the conditions to liability are present with respect to two policies with different insurers and insureds. This is the effect, however, of 'other insurance' clauses, whether in the form of 'prorata,' 'excess insurance,' 'excess-escape' or like clauses; one or the other insurer escapes liability, or both reduce their liability. Paula Ranzau was a beneficiary of the uninsured motorist provisions in the policy issued by American Liberty covering the Ranzau automobiles, and in the Raphael policy issued by United Services Automobile Association covering the Raphael automobile in which she was a passenger. This was a contractual benefit for which premiums, presumably computed in the light of the respective risk exposures, were paid by the insureds in each instance; and to permit one policy, or the other, to be reduced or rendered ineffective by a liability limiting clause would be to frustrate the insurance benefits which the statute sought to guarantee and which were purchased by the respective insureds." (481 S.W.2d at p. 797, emphasis by the court)

The language and logic of this decision clearly seem determinative of the question here presented. Workmen's compensation is certainly "other insurance".

Appellant argues that Art. 8307, Sec. 6a, Vernon's Ann.Civ.St.,* takes our case out of the Ranzau holding. It contends that to extend this holding to our situation would give to McMahon a benefit he would not have had if Strahan had been covered by liability insurance. This argument, of course, has appeal but we think the answer to it is that the one is conferred by legislative act, while the other is a contract provision without such approval.

The judgment of the trial court is affirmed.

KEITH, Justice (dissenting).

I respectfully dissent. Giving full recognition to the holding in *Ranzau,* supra, by a seriously divided court, I do not feel that it is dispositive. Instead, a careful review of our statutes and those of Illinois reveal that they are, for all practical purposes, identical. In a well-reasoned opinion, Ull- ·

---

* "If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries."

man v. Wolverine Insurance Company, 48 Ill.2d 1, 269 N.E.2d 295 (1970), the Supreme Court of Illinois upheld the identical provision which we have under review. I submit that the logic of that case has not been answered by *Ranzau* or by the majority opinion in this case. The Supreme Court of New Hampshire followed *Ullman* and reached the identical result. Hackman v. American Mutual Liability Insurance Co., 110 N.H. 87, 261 A.2d 433 (1970).

Under the rationale of *Ullman* and *Hackman,* the plaintiff-appellee in our case could not prevail. I would not set aside a policy form approved by the Board of Insurance acting within its statutorily delegated authority. In this connection see remarks of Justice Walker dissenting in *Ranzau* (481 S.W.2d at p. 798) which I would follow in this instance.