AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,

v.

Thomas G. BRIGGS et ux., Appellees.

No. 7501.

Court of Civil Appeals of Texas, Beaumont.

Nov. 8, 1973.

Rehearing Denied Nov. 29, 1973.

Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellant.

William W. Kilgarlin, Houston, Parker McVicker, Lufkin, for appellees.

DIES, Chief Justice.

Plaintiffs below, Thomas G. Briggs and wife JoJean Briggs, were struck by a hit-and-run vehicle on March 5, 1969 while occupying a vehicle owned by Briggs's employer. This vehicle was covered by uninsured motorist protection in a policy issued by the International Insurance Company. Plaintiffs had similar coverage with American Motorists Insurance Company on their personal car.

Plaintiffs filed suit in Angelina County against both insurers. The cause against International was transferred by the court after a venue hearing to Dallas County. The suit against American remained in Angelina.

On September 10, 1970, plaintiffs executed a release to International for the consideration of $5,750 paid to Thomas G. Briggs and $5,750 paid to JoJean Briggs. In November 1972 the case against American was tried to a jury in Angelina.

The jury found that Thomas G. Briggs sustained total damages in the amount of $13,500 and that JoJean Briggs sustained total damages in the amount of $7,250.

Judgment was entered by the trial court against American in favor of Thomas G. Briggs in the amount of $7,230.39, which amount was arrived at by the court by deducting $769.61 from the finding of incurred medical expense as being unsupported by the evidence and $5,500 (the amount erroneously plead by American) previously paid by International.

The trial court entered judgment for JoJean Briggs in the amount of $1,365.95 arrived at by deducting $384.05 from the jury's finding on incurred medical expense, and $5,500 paid by International. It is from this judgment American perfects this appeal.

■ American's argument lumps its first eleven points of error together. These points urge that because of a clause in its policy—"Other Insurance"—the settlement by plaintiffs with International bars any further recovery against American. This clause follows:

"Other insurance

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

That under Allstate Ins. Co. v. Universal Underwriters Ins. Co., 439 S.W.2d 385 (Tex.Civ.App., Houston—14 Dist., 1969, no writ) International was the primary carrier. That its liability was up to $10,000 on each plaintiff, and American's liability would be for only the excess of damages above this amount. It should also be noted that the same provision is present in American's policy.

We believe this contention has been answered by our Supreme Court in American Liberty Insurance Company v. Ranzau, 481 S.W.2d 793 (Tex.1972). There the exact provision was under review (see footnote to p. 795). The court held this "other insurance" clause did not limit the recovery of actual damages caused by uninsured motorists. To require plaintiffs to seek a determination in Dallas before a court or jury of their damages before deciding what, if anything, American owed them would to us be unfair. "This was a contractual benefit for which premiums, presumably computed in the light of the respective risk exposures, were paid by the

insureds in each instance . . ." *Ranzau*, supra, p. 797. Double payment for the same damages was prevented by the court's deduction of the International settlement from the jury award. These points are overruled.

By its points twelve and thirteen, appellant set up the following exclusion in its policy:

"Exclusions

"This policy does not apply under Part IV: .

\*     \*     \*     \*     \*     \*

"(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor."

■ American had no pleadings setting forth this exclusion, and therefore waived it. T. I. M. E., Inc. v. Maryland Casualty Company, 157 Tex. 121, 300 S.W.2d 68 (1957). Rule 94, Texas Rules of Civil Procedure.

■ The jury awarded Thomas Briggs $1,500 and JoJean $750 for future medical expenses. American, by its points fourteen through twenty, complained that there was no evidence, or insufficient evidence, to support these findings, and that such answers were against the overwhelming great weight and preponderance of the evidence so as to be manifestly unjust and wrong.

The accident occurred on March 5, 1969. Plaintiffs' attending physician last saw them on November 14, 1969 shortly after they had moved from Lufkin. The physician's deposition was taken June 18, 1970, at which time he expressed an opinion that both plaintiffs would require future medical expenses because of their injuries. He gave no opinion as to the amount of money this would be. We recognize that the authorities cited by plaintiffs do not require an opinion as to any sum of money; however, this case was tried in November 1972, just a few days before the expiration of three years since the physician had last seen them. It is quite probable by this time that the future medical expenses expected by the physician had accrued. At any rate, he should have been afforded an up-to-date examination of plaintiffs to avoid speculation by the jury on these items of damage. We sustain American's points that the evidence supporting these issues—future medical for Thomas G. Briggs and JoJean Briggs—is insufficient.

■ By its twenty-first and last point American complains of the trial court's action in deducting $5,500 from each of the plaintiffs' awards. This was the figure incorrectly plead by American. Actually the amount was $5,750, which amount appears in the release and was admitted to by Thomas G. Briggs. The correct figure is not disputed; and, while we do not mean to weaken any of the requirements as to pleading, still we must always remember that the purpose of a judicial proceeding is to reach the truth and to do justice. To hold American to a $5,500 figure because of a mistake in pleading only would, we think, be unconscionable. This point is sustained.

If plaintiff Thomas G. Briggs shall within thirty days of this opinion file a remittitur in the amount of $1,750, the judgment of the trial court will be affirmed; otherwise, it is reversed and remanded.

If plaintiff JoJean Briggs shall within thirty days of the date of this opinion file a remittitur of $1,000, the judgment of the trial court will be affirmed; otherwise, it is reversed and remanded.

Remittitur filed November 15, 1973. Affirmed.