AMERICAN MOTORISTS INSURANCE
COMPANY, Petitioner,

v.

Thomas G. BRIGGS et ux., Respondents.

No. B–4389.

Supreme Court of Texas.

Sept. 24, 1974.

Zelesky, Cornelius, Rogers, Berry & Hallmark, James S. Roper and Vernon R. Berry, Lufkin, for petitioner.

Kilgarlin, Dixon & Hancock, William W. Kilgarlin and Warren E. Hancock, Jr., Houston, McVicker & Evans, Parker McVicker, Lufkin, for respondents.

POPE, Justice.

On March 5, 1969, plaintiffs, Thomas G. Briggs and his wife JoJean Briggs, were riding in a 1968 Chevrolet which belonged to Briggs' employer, Dial Electric Supply Co. The employer, Dial Electric, had an automobile liability policy including uninsured motorist protection with International Insurance Company which covered the car in which the plaintiffs were riding. Plaintiffs sustained personal injuries when a hit-and-run driver ran into the rear of the Dial Electric car, and they have never discovered the identity of that driver.

Plaintiffs, Thomas and JoJean Briggs, had a policy with American Motorists Insurance Company, including uninsured motorist protection which covered plaintiffs' personal car. Both the International policy and the American Motorists policy provided for the statutory limits of liability in the amount of $10,000 for one person and $20,000 for each occurrence. Each policy contained identical "other insurance" provisions which provided:

—Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Plaintiffs filed this action in Angelina County against both International and American Motorists seeking to recover damages under the provisions of the policies. Venue of the action against International was moved to Dallas County, but the suit against American Motorists remained in Angelina County. Plaintiffs then made a settlement with International, the insurer for the vehicle which plaintiffs were driving, and released International upon its payment of $5,750 to Thomas Briggs and another $5,750 to his wife JoJean.

Plaintiffs then tried this case against American Motorists in Angelina County. The jury found that plaintiff, Thomas Briggs, suffered damages in the amount of $13,500 and that JoJean Briggs suffered damages in the amount of $7,250. Plaintiffs urged the trial court to render judgment against American Motorists for the difference between the amount of the damages found by the jury and the amounts paid them by International in settlement of their claims. The trial court gave judgment for the plaintiffs as they contended and after making some mathematical corrections, the court of civil appeals affirmed. 503 S.W.2d 850.

Defendant, American Motorists, says that the International policy was the primary policy because that policy covered the car that was in the accident. American Motorists argues that its coverage was the excess coverage, by reason of its "other insurance" provisions, for sums in "excess of $10,000" as its policy provides. It says that it had no liability at all for the first $10,000 of damages and that it owes Thomas G. Briggs $1,230.39 which is the excess

over the primary coverage. It says it owes JoJean Briggs nothing.[1] The plaintiffs say, and the courts below have ruled that American Motorists owes the difference between the $5,750 which International paid by way of settlement and the actual damages which each plaintiff sustained.

The resolution of this case depends upon the requirements of the Uninsured Motorist statute, Tex.Ins.Code art. 5.06–1 (Supp. 1973), V.A.T.S., as interpreted in our decision in American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793 (Tex.1972). In that case, the plaintiff, Paula Ranzau, received injuries in a collision between an automobile owned by Colonel Rafael in which she was riding and another automobile owned and operated by an uninsured motorist. Colonel Rafael's automobile was covered by an insurance policy issued by United Services Automobile Association. Paula Ranzau was also covered under her father's policy issued by American Liberty Insurance Company, which contained an excess-escape type "other insurance" clause identical, in effect, to that in the American Motorists policy in this case. United Services paid Paula Ranzau $10,000, the limit of its liability to one person for one accident, but American Liberty, relying on the "other insurance" clause, denied liability. This court held that the other insurance clause was invalid because it contravened the statutory requirement that:

No automobile liability insurance . . . shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, *in the limits described in the Texas Motor Vehicle Safety Responsibility Act*, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . . Tex.Ins.Code art. 5.06–1 (Supp.1973). [Emphasis added.]

The present case differs from *Ranzau* in two material respects: The plaintiffs' settlement with the International Insurance Company did not exhaust that company's liability, and the total damage suffered by each plaintiff was less than the total coverage ($20,000) which would be available to each of them if both policies applied. American Motorists admits that, under the statute as interpreted in *Ranzau*, it cannot escape liability altogether. It contends, however, that it cannot be held liable for a greater sum than the amount by which the plaintiffs' damages exceeded the limits of the International Insurance Company's coverage.

1. The court of civil appeals computed the amount of damages for which defendant American Motorists, plaintiffs' own insurer, would be liable.

|  | PLAINTIFF HUSBAND | PLAINTIFF WIFE |
|---|---|---|
| Actual damages (after remittitur) | $ 11,230.39 | $ 6,115.95 |
| Less Settlement with International Ins. Co. | (5,750.00) | (5,750.00) |
| Amount of Judgment against American Motorists | $ 5,480.39 | $ 365.95 |

American Motorists contends damages for which they are liable should, instead, be computed as follows:

|  | PLAINTIFF HUSBAND | PLAINTIFF WIFE |
|---|---|---|
| Actual damages | $ 11,230.39 | $ 6,115.95 |
| Less Policy Limits of International coverage | (10,000.00) | (10,000.00) |
| Judgment | $ 1,230.39 | $ –0– |

We repeat the pertinent portion of the disputed clause:

—Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, *and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.* [Emphasis added.]

American Motorists argues that only the underscored portion, which purports to limit the total recovery possible from all insurers to an amount less than the total of the policy limits, is invalid. Thus, American Motorists contends, the clause should be applied with the invalid portion omitted. Under this reading, plaintiffs originally had a cause of action against International Insurance Company for their damages up to $10,000 each, and a separate cause of action against American Motorists for their damages in excess of that amount. If this contention were correct, plaintiffs' settlement of their cause of action against International would not affect the liability of American Motorists. *Cf.* Employers Casualty Co. v. Transport Ins. Co., 444 S. W.2d 606 (Tex.1969); Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142 (1943).

■ We conclude, however, that the statute and the *Ranzau* holding cannot be read so narrowly. This court said in *Ranzau,* "We agree with . . . those jurisdictions which have construed their uninsured motorist statutes as *precluding the use of 'other insurance' clauses to limit the recovery of actual damages* caused by an uninsured motorist." 481 S.W.2d at 797 [Emphasis added.] Following this holding, we now hold that the statute requires that whenever coverage exists under the uninsured motorist endorsement, the person covered has a cause of action on the policy for his actual damages to the extent of the policy limits without regard to the existence of other insurance. If coverage exists under two or more policies, liability on the policies is joint and several to the extent of plaintiff's actual damages, subject to the qualification that no insurer may be required to pay in excess of its policy limits. State Farm Mutual Automobile Ins. Co. v. Murphy, 226 Ga. 710, 177 S.E.2d 257 (1970); A. Widiss, A Guide to Uninsured Motorist Coverage, § 2.60 (1969); Annot., 28 A.L.R.3d 551, at 559–564 (1969).

■ Plaintiff Thomas G. Briggs claims that he is entitled to his actual damages of $11,230.39 and plaintiff JoJean Briggs claims that she is entitled to her actual damages in the sum of $6,115.95. Neither plaintiff seeks the full damages against both insurers, that is, double recovery. Each insurer is liable, under the principles of *Ranzau* for the limits described in the Texas Motor Vehicle Safety Responsibility Act, that is, for $10,000 for each person and $20,000 for each accident. We have two concurrent policies which cover the insureds, and American Motorists is thus liable for actual damages to each plaintiff up to $10,000. It is liable to Thomas G. Briggs for $5,480.39 which is the difference between the damages he sustained and the sum paid by the other insurer. It is liable to JoJean Briggs for $365.95 which is the difference between the damages she sustained and the sum paid by the other insurer. These are the limits of the claims asserted in this action, and the claims are within the limits of the policies. We are not here confronted with any claims of rights of the insurers *inter se.*

The judgment of the court of civil appeals is affirmed.

REAVLEY, Justice (dissenting).

I find nothing in the statute, Tex.Ins. Code art. 5.06–1 (Supp.1973), to prevent Briggs and American Motorists Insurance Company from contracting to provide that

the $10,000 uninsured motorist coverage is secondary or excess coverage to another policy's uninsured motorist coverage of the first $10,000 of damages. Nor do I see that the holding in *Ranzau* requires this result. I would sustain the contentions of American Motorists Insurance Company.

WALKER, J., joins in this dissent.