Gloria GUERRERO et al., Appellants,

v.

AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 16007.

Court of Civil Appeals of Texas, San Antonio.

Nov. 22, 1978.

J. Walter Park, IV, David T. Turlington, Davis & Morehouse, San Antonio, for appellants.

Joe Meador, San Antonio, for appellee.

## OPINION

CADENA, Justice.

The question presented in this case is whether the stated policy limits of personal injury protection (PIP) coverage provided for in a single multi-car family automobile policy can be multiplied by the number of automobiles insured where such "stacking" or "pyramiding" is necessary to permit recovery by the insured and a relative for medical expenses and lost income where the amount of such expenses and losses exceeds the stated policy limits.

Plaintiff, Gloria Guerrero, sued to recover benefits allegedly due her under the policy issued by defendant, Aetna Casualty and Surety Company. She joins with the other plaintiffs, Magdalena Guerrero, Eddie Guerrero, Linda Guerrero and Guadalupe E. Guerrero, Jr., as sole heirs of Guadalupe E. Guerrero, Sr., deceased, in their effort to recover benefits allegedly due their decedent under such policy. Plaintiffs appeal from the order of the trial court granting defendant's motion for summary judgment and denying plaintiffs' motion for summary judgment.

The policy in question covered three automobiles owned by decedent, one of which was a 1973 Chevrolet Malibu. On June 1, 1976, while decedent insured was operating the vehicle, and Gloria Guerrero was riding in it as a passenger, the automobile was involved in an accident which resulted in injuries to decedent and Gloria.

Defendant paid $2,500.00, the stated policy limit, to Gloria Guerrero under the PIP coverage for medical expenses incurred by her and for loss of income resulting from injuries sustained by her as a result of the accident and paid the same amount for medical expenses incurred by decedent as a result of such accident.

The parties stipulated that Gloria Guerrero and decedent each suffered a loss of $7,500.00, representing medical expenses incurred and income lost as a result of the accident.

Plaintiffs in this suit seek recovery of an additional $5,000.00 as benefits due to decedent and Gloria under the policy. Their theory is that since separate premiums were paid for each vehicle included in the PIP coverage, defendant is under an obligation to pay the stated policy limit ($2,500.00) multiplied by the number of automobiles (3) covered under the policy.

The PIP coverage is evidenced by Form 243, Personal Injury Protection Endorsement Family Automobile Policy (Texas Standard Automobile Endorsement Prescribed August 27, 1973). In accordance with the provisions of Article 5.06–3, Tex. Ins.Code Ann. (Vernon Pamphlet Supp. 1963–1977), the endorsement provides coverage for "(1) the named insured or any member of [his] household who sustains bodily injury, caused by accident, in a motor vehicle accident, and (2) any other person who sustains bodily injury, caused by accident (a) while occupying the insured motor vehicle, or (b) while using such vehicle with the permission of the named insured, or the spouse of the insured. . . . "

The exclusions make the insurance inapplicable

(a) to any person who: (1) intentionally causes the accident resulting in the bodily injury of such person, or (2) sustains bodily injury while in the commission of a felony or while seeking to elude lawful apprehension or arrest by a law enforcement official.

(b) to the named insured or any member of the insured's household who sustains bodily injury while occupying or through being struck by a motor vehicle owned by such named insured or any member of the insured's household which is not an insured motor vehicle.

Article 5.06–3(e) requires an insurer to provide for exclusions (a)(1) and (a)(2) and these are the only exclusions mentioned in the statute. In *Western Alliance Insurance Co. v. Dennis,* 529 S.W.2d 838, 839 (Tex.Civ. App.—Texarkana 1975, no writ), the Court held that only the two exclusions mentioned in the statute were permissible, and that an

exclusion substantially in the form of exclusion (b) found in the instrument before us is unenforceable. However, this holding was expressly disapproved by the Supreme Court of Texas in *Holyfield v. Members Mutual Insurance Co.,* 572 S.W.2d 672 (1978). Plaintiffs' contentions which are based on the holding in *Dennis* are, therefore, not persuasive.

Plaintiffs rely on the cases permitting stacking of medical payments coverage. Perhaps the leading Texas decision permitting such stacking is *Southwestern Fire and Casualty Co. v. Atkins,* 346 S.W.2d 892 (Tex.Civ.App.—Houston 1961, no writ). There, plaintiff was issued one policy which covered two vehicles, with a separate premium being paid for each vehicle. His daughter was injured when struck by a vehicle belonging to a third party. Although medical expenses incurred as a result of the accident exceeded $1,000.00, the insurer tendered only $500.00, the limit of liability specified in the policy. In allowing plaintiff to recover an additional $500.00 under the policy, the *Atkins* opinion, after pointing out that separate premiums were paid for each car covered reasoned: If only one car were insured, plaintiff could recover the specified limit of $500.00. If plaintiff had purchased a separate policy for each car, he could recover $500.00 under each policy. If double recovery were not allowed under a single policy covering two cars where a separate premium was paid for each vehicle, there would be no consideration for the additional premium charged for the medical expense insurance on the second car included in the policy. *Id.* at 895. The court in *Atkins* also relied on generally accepted rules of construction requiring that insurance policies be read as a whole and ambiguities be resolved in the manner most favorable to the insured. The court found the required ambiguity in what it considered as a conflict between the limitation of liability clause and the separability clause which provided that if two or more cars were insured under the policy the terms of the policy would apply separately to each.

The "no consideration" approach cannot be applied to the case before us. As observed in *Dhane v. Trinity Universal Insurance Co.,* 497 S.W.2d 323, 328 (Tex.Civ.App. —Waco 1973) *aff'd, Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679 (Tex.1974), the medical payments coverage protects the insured or a member of his family if the injury occurred while the victim was riding in any automobile, whether insured or not, or if the victim was struck by an automobile while he was a pedestrian. The personal injury protection coverage is not as broad. The exclusion section of the PIP endorsement prohibits recovery if the injury occurred when the victim was occupying or was struck by an uninsured vehicle. Where coverage is extended to include more than one automobile, the risk to the insurer is increased, as is the protection afforded. In the case before us, the insurer would be liable if insured or a member of his household received injury while occupying any one of the three vehicles insured, or as the result of being struck by any one of the three vehicles. Such increase of risk and extension of coverage furnishes consideration for the separate premiums for each additional car insured, as is the case under the provisions of the uninsured motorist endorsement. *Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679, 683 (Tex.1974).

The ambiguity on which the court relied in *Atkins* resulted from the apparent inconsistency between the limitation of liability clause in the medical payments endorsement and the separability clause (applicable when more than two cars are insured by the same policy) found in the conditions section of the basic policy. 346 S.W.2d 892 (Tex. Civ.App.—Houston 1961, no writ). No such inconsistency is present in this case since the conditions clause of the PIP endorsement expressly recites that only the expressly specified conditions found in the basic policy are applicable to the PIP endorsement, and such enumeration does not include the separability clause.

We do not accept plaintiffs' contention that the PIP endorsement is ambiguous because of conflict between the clause limiting liability and the clause relating to the

effect of other insurance on the same vehicles. The "other insurance" clause in the PIP endorsement is as follows:

> If there is other personal injury protection insurance against a loss covered by the provisions of this endorsement, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in this endorsement bears to the total applicable limit of liability of all valid and collectible personal injury protection insurance; provided, however, the insurance afforded hereunder shall be excess over any other valid and collectible personal injury protection insurance available to the named insured or any member of the insured's household, and provided the insurance with respect to a temporary substitute or non-owned automobile shall be excess over any other valid and collectible personal injury protection insurance. (Emphasis added.)

Plaintiffs contend that the underlined portions of the "other insurance" provisions specifically allow stacking because it states that the PIP coverage shall be in excess over any other valid and collectible PIP insurance.

■ In cases involving uninsured motorist endorsements, our courts have held that provisions concerning other insurance are unenforceable to the extent that they deprive the insured of the minimum protection required by Article 5.06–1, Tex.Ins. Code Ann. (Vernon Pamphlet Supp. 1963–1977) which requires uninsured motorist insurance. It is not true, therefore, that the other insurance provisions on which plaintiffs rely have the effect of limiting the liability of the insurer. The provision in question does not deprive the insured of the protection required by Article 5.06–3.

In *American Motorists Insurance Co. v. Briggs,* 514 S.W.2d 233, 236 (Tex.1974), the Supreme Court said:

> 'We agree with . . . those jurisdictions which have construed their uninsured motorist statutes as precluding the use of "other insurance" clauses to limit the recovery of actual damages caused by

an uninsured motorist.' . . . If coverage exists under two or more policies, liability on the policies is joint and several . . . , subject to the qualification that no insurer may be required to pay in excess of its policy limits.

■ A comparison of the endorsements relating to medical payments, uninsured motorist and PIP leads to the conclusion that the PIP endorsement more closely resembles the endorsement concerning uninsured motorist coverage as opposed to the medical payments coverage. The decisions denying the right to stack uninsured motorist coverage are, therefore, more persuasive than those permitting stacking of medical payments coverage. The trial court did not err in ruling that plaintiffs were not entitled to recover the specified policy limits for each of the three cars insured in this case.

The judgment of the trial court is affirmed.