**Ammie CARTER, Jr., Appellant,**

v.

**REPUBLIC INSURANCE COMPANY, Appellee.**

**No. 18074.**

Court of Civil Appeals of Texas, Fort Worth.

March 15, 1979.

Rehearing Denied April 12, 1979.

Colbert & Berliner, and Joe Colbert, Austin, for appellant.

Fanning & Harper, and Don D. Martinson, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from a "take nothing" summary judgment for which the defendant had moved. The case was one in which Ammie Carter, Jr., as plaintiff, had brought suit against Republic Insurance Company, as defendant, for benefits claimed by Carter to be due under contractual provisions of a certain insurance policy issued to him, as the insured, by Republic, the insurer.

We affirm.

December 11, 1974 Carter was involved in an automobile collision. As a result Carter sustained personal injuries. By reason of his injuries Carter claimed to have incurred expenses in excess of $12,500.00. Under Republic's interpretation of the insurance contract it owed Carter $2,500.00. Carter claimed more was owed, and it was for that amount denied him that he sued.

The type of insurance involved is Personal Injury Protection coverage, in insurance circles commonly termed "PIP", and hereinafter likewise so termed.

Copying from the policy in question the material contractual provisions are as follows:

"243. PERSONAL INJURY PROTECTION ENDORSEMENT

"FAMILY AUTOMOBILE POLICY

". . . .

"SCHEDULE

| "Car | Limits of Liability | Premium |
|---|---|---|
| "No. 1 & | $2,500 each person | $92.00 |
| "No. 2 | . . . | . . . |
| "No. 3 4 & 5 | . . . | . . . |

"In consideration of the premium for this endorsement, the Company agrees with the named insured, subject to all of the provisions of this endorsement and all of the provisions of the policy except as modified herein, as follows:

"PERSONAL INJURY PROTECTION

"INSURING AGREEMENT

"In accordance with the provision of Article 5.06–3 of the Insurance Code of Texas and all Acts amendatory or supplementary thereto, the Company will pay: "(1) the named insured . . . who sustains bodily injury, caused by accident, in a motor vehicle accident, . . .

" . . .

"(1) all reasonable and necessary medical expenses incurred for services furnished,

. . .

" . . .

"during the period of such injured person's disability.

" . . .

"LIMITS OF LIABILITY

"Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made, the total aggregate limit of liability for all benefits of every kind for loss or expense incurred by or on behalf of any one person who sustains bodily injury as the result of one accident shall not exceed the limit of liability set out in the schedule of this endorsement. . . ."

The necessity for policy language construction would not have arisen if only one automobile had been insured thereby. It would obviously have involved only Carter's entitlement to $2,500.00 in "loss or expense incurred . . . as the result of any one accident". Necessity for construction did arise because Carter had insured five automobiles under the policy, and had paid as a part of the premium for the entire policy a specified premium for PIP coverage. The total premium paid to secure PIP coverage for all five automobiles amounted to $92.00, no specification having been made as to premium for any considered individually.

Under the circumstances occasioning Carter's having incurred reasonable and necessary medical expenses as result of his injuries on December 11, 1974, Republic conceded its liability for the payment of "benefits . . . for loss or expense incurred" amounted to $2,500.00. It paid this amount. Carter considered that because he had paid for PIP coverage under a single policy for coverage of five automobiles—with no particular amount assessed as the premium for any single one of them but the single premium amount of $92.00 for covering all five vehicles—the limit of liability of Republic under the policy was increased. Carter's theory is that $2,500.00 should be considered as contracted to be multiplied five times with consequent "limit of liability" under the policy contract the figure of $12,500.00. In other words the posture of Carter in the lawsuit was one in which he sought an additional $10,000.00 plus reasonable and necessary attorney's fees in the enforcement of Republic's liability for payment of that which was owed (in excess of what had been paid). (There was no prayer for imposition of 12% penalty.)

In 1973 and effective that year the Legislature enacted what is now to be found as Tex.Ins.Code Ann. art. 5.06–3, "Personal Injury Protection Coverage", in which certain provisions will be noticed, as follows:

In (a) was provided that coverage provided by the Article should be applicable unless the insured named in the policy rejected it in writing.

In (b) was provided that the protection provided was the payment to, among others, the named insured in the policy "up to an amount of $2,500.00".

In (d)(2) was provided for payments to be made subject to limitations; and the enumerated limitations included the following:

"[I]n no event shall the aggregate benefits payable to any person exceed the

maximum limits prescribed in the policy."

It will be presumed that absent attack, and none was made by Carter's pleadings or summary judgment evidence, that the policy is in conformity with law and provisions of the Insurance Commission of the State of Texas. Carter is to be restricted to theories upon which his case was tried in a consideration of his appeal. From quotations made hereinabove, is to be noticed that by the policy in question there was provision that the limit of liability of Republic was stated to be $2,500.00 for each person. The only person with whom we are concerned was the named insured. He has contracted to be limited to the collection of no more than $2,500.00 under the circumstances, and that amount may not be enlarged (upon any legal theory presently recognized).

Furthermore, the identical question has been ruled upon in the case of *Guerrero v. Aetna Cas. & Sur. Co.*, 575 S.W.2d 323 (Tex. Civ.App.—San Antonio 1978, no writ). The San Antonio court rejected the contention that there might be a "stacking" of the PIP coverage endorsement to Texas insurance policy contracts. The holding in *Guerrero* was correct. See also E. York, " 'Stacking' Uninsured Motorist Protection, Medical Payments, and Personal Injury Protection Coverages in Texas", 7 St. Mary's L.J. 837, 845–849 (1975).

The trial court did not err in granting the "take nothing" summary judgment in denial of Carter's claim.

Judgment is affirmed.