John CREIGHTON, Individually and as next friend of Rafaela Creighton, a minor, Appellant,

v.

FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 18115.

Court of Civil Appeals of Texas, Fort Worth.

May 17, 1979.

Rehearing Denied June 7, 1979.

Jacobs, Taylor & Cocanower, and S. C. Cocanower, Fort Worth, for appellant.

Street, Swift, Brockermeyer, Bell & Ward, and John G. Street, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Suit was brought against defendant Fidelity & Casualty Company of New York. Said defendant moved for summary judgment and it was granted. Therefrom plaintiff, both in his individual and representative capacity, brought an appeal.

We affirm.

Involved is Personal Injury Protection coverage under Texas policies of insurance. In insurance circles this form of insurance is commonly called "PIP".

We have concluded that the purpose prescribed relative to the insurance termed PIP is to indemnify the person enti-

tled to benefits, i. e., to preserve such person from or secure against damage or loss, which, but for the insurance coverage, would necessarily be suffered (save and except for possible recovery against a tort feasor or by other contractual entitlement as by some form of accident insurance). In other words the benefits provided for under PIP coverage are not the entitlement of the insured at any and all events, but are payable only for loss resulting from personal injury, caused by accident, in a motor vehicle accident. This is so even where there are multiple policies providing PIP coverage. Where there are multiple policies the *protection or indemnity afforded would be* an enlarged one, yet would there be required a PIP loss. This means that—insofar as PIP coverage is involved, no matter the number of policies—the benefits payable because of PIP coverage, whether by multiple policies or not, could not in the aggregate exceed the actual loss sustained as it might be computed by reference to the policy.

In concluding this to be a correct holding we find persuasive language in the following cases: *Westchester Fire Insurance Company v. Tucker*, 512 S.W.2d 679, 686 (Tex.1974); *American Motorists Insurance Company v. Briggs*, 514 S.W.2d 233, 236 (Tex.1974). Also of value is 7 St. Mary's L.J. 837 (1976), " 'Stacking' Uninsured Motorist Protection, Medical Payments, and Personal Injury Protection Coverages in Texas."

The occasion for the litigation in this case was the fact that the same company (Fidelity & Casualty Company of New York) had written a policy of insurance for John Creighton, and, also, a policy of insurance for his adult daughter Lynn. Both policies provided PIP coverage; each policy to the amount of $5,000.00. At all material times Lynn happened to reside in the same household as her father (who would be presumed in law to be the head of his household). In the same household John Creighton's daughter Rafaela Creighton, age 13, also resided. About September 2, 1976, Rafaela, at the time a pedestrian, was struck and injured by a "hit and run" motor vehicle.

Because of the results of Rafaela's injuries from that motor vehicle collision suit was brought against the defendant company, Fidelity & Casualty Company of New York. In plaintiff's petition it was alleged that "she has incurred necessary and reasonable expenses for medical, surgical, x-rays, ambulance, hospital and nursing services in the amount of $4,966.32 to date. Pursuant to the terms of the two aforementioned policies (those of John Creighton and his daughter Lynn) and the Insurance Code of the State of Texas, Art. 5.06(3) [5.06–3] V.A.C.S., Plaintiff is entitled to recover from the Defendant Fidelity and Casualty Company of New York $9,932.64. The Defendant Fidelity and Casualty Company of New York has paid to the Plaintiff the sum of $4,934.00 prior to institution of this suit. . . . . "

(We disregard variance in figure amounts; if the defendant company owes anything over and above that which it has paid it is because there was entitlement to collect the full amount of the insurance afforded by both policies without regard to whether the loss actually sustained was—to date of suit—merely $4,934.00, as appeared from the summary judgment evidence.)

■ There is a dispute between the parties upon whether 50% of that which was paid by the defendant was upon the provisions of its insurance contract with John Creighton and 50% was paid by the defendant upon the provisions of its insurance contract with Lynn Creighton—or—was 100% paid upon the provisions of the insurance contract with John Creighton. It seems that at one point the personnel in the defendant's claims department deemed the company's obligation to be under both policies; at another point it seems the attorney chosen by the company deemed it preferable or proper that all the benefits paid should be treated as paid under the John Creighton policy. We deem decision of the question posed to be immaterial under the facts of this case.

The maximum PIP benefits under each of the policies was $5,000.00. The claim de-

clared upon by the suit was because of "PIP loss" less than $5,000.00. The company has paid the actual "PIP loss". The contention is that because there was more than a single policy under which there was entitlement to receive benefits, there would be entitlement to receive the full amount of benefits prescribed by each policy to the maximum limitation amount. Plaintiff seeks to disregard the amount of "PIP loss" actually sustained, except to supply the "measure" by which the benefits afforded under each policy should be paid.

Our problem might be more difficult had the "PIP loss" amounted to more that $5,000.00 (the limit prescribed on each of the policies). What is written in this opinion is without necessary application to the problem which would be presented had that been the circumstance.

Presented is a situation of "PIP loss" (by policy provisions) of less than the limit of $5,000.00 prescribed by each of the policies, and where the actual calculable amount of such "PIP loss" has been fully paid. Nevertheless, says the plaintiff, two whole premiums were paid, one on each of the policies; and, because two whole premiums were paid, the benefits of each policy should be paid in full though a result would be a double recovery under the circumstances. (Apparently plaintiff does not anticipate much, if any, additional "PIP loss" to develop in the future.)

Our holding that, presently, plaintiff is entitled to no more than the amount already received, a necessary conclusion by the provisions of the contracts themselves, could only be rendered erroneous if a result would be to contradict provisions of Tex. Ins.Code Ann. art 5.06–3, "Personal Injury Protection Coverage" (Supp.1978).

By the statute, as applied to the circumstances obtaining, there is no contradiction. Of interest is the fact that the statute regulates PIP coverage up to the amount of $2,500.00, but does not regulate PIP coverage over and above $2,500.00. In the instant case each of the policies had a maximum coverage limitation of $5,000.00. Thus, even if there had been some sort of contradiction between the statute and the provisions of the policies, it would be material only as applied to the mandated $2,500.00 and would be immaterial and without application to excess above that $2,500.00.

There is no contradiction by tests to be applied to the first $2,500.00 in coverage; and, even if the benefits afforded by the insurance provided not be for indemnity merely (as we hold) the plaintiff has already collected insurance benefits "in full" as applied to both policies insofar as they might be considered to bear the $2,500.00 limitation required by the statute.

As is pointed out by plaintiff's counsel, Tex.Ins.Code Ann. art. 5.06–3 (Supp.1978), does not provide for a limit of liability where there is more than one policy of PIP coverage applicable to the same occurrence or to the losses flowing therefrom. (Obviously no more than one policy lay in the legislative contemplation when the statute was enacted.) However, there is in the statute the express provision that as applied to the $2,500.00 mandated amount, the aggregate benefits payable under the policy coverage so required (in one policy) should not exceed the $2,500.00. By application of rules of statutory construction where there might be two or more policies, rather than one, PIP protection would be applicable and benefits payable under each and all of them so long as the amount of benefits paid did not exceed the actual "PIP loss" sustained.

Under the circumstances obtaining plaintiff has received from the defendant company all the benefits to which there is entitlement whether consideration be given (a) to the policies alone, or (b) to the policies—considered as providing the $2,500.00 as required and regulated by the statute, or (c) to both the policies and the statute considered together. Because this is so the summary judgment granted by the trial court was a correct judgment.

It is affirmed.