**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,**

v.

**Frank J. DiCARLO, Appellee.**

**No. 08–83–00260–CV.**

Court of Appeals of Texas, El Paso.

May 9, 1984.

Rehearing Denied May 9, 1984.

Randolph H. Grambling, Grambling & Mounce, El Paso, for appellant.

Richard K. Shinaut, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Our opinion and judgment of April 11, 1984, are withdrawn and the following is the opinion of the Court.

In this case we must decide whether there may be a double recovery for funeral and hospital expense under two separate Texas policies providing Personal Injury Protection (P.I.P.). We conclude that a double recovery is not permitted and the judgment of the trial court is reversed.

The facts are not in dispute. Frank J. DiCarlo's son, Donald, died as the result of personal injuries which he received while riding as a passenger in a vehicle driven by John J. Bothne, Jr. That vehicle was insured with Allstate Insurance Company, which under its P.I.P. coverage paid Mr. DiCarlo $2,132.25 as the amount of the funeral expense for his son, plus $6.30 for a hospital bill. Mr. DiCarlo owned a vehicle insured by United Services Automobile Association (USAA) which provided P.I.P. coverage to the insured and the family members of his household. When suit was filed against USAA for the funeral expense of $2,132.25 and for a hospital bill of $6.30, USAA denied liability on the basis that the claim had been paid in full and on the basis that its policy contained an "other insurance" clause which states:

> If there is other Personal Injury Protection insurance, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible Personal Injury Protection insurance.

The trial court awarded Appellee $2,138.55 plus twelve percent penalty and attorney's fees of $2,600.00 for trial and appeal of the case. The Appellant in a single point of error asserts the trial court erred in entering judgment for a fully compensated Appellee and thereby stacked the P.I.P. coverage.

In cases where an attempt has been made to "stack" coverage on an insured's own policy covering two or more automobiles, our courts have consistently held that, unlike medical payments coverage, personal injury protection coverage may not be stacked. *Carter v. Republic Insurance Company*, 579 S.W.2d 326 (Tex.Civ. App.—Fort Worth 1979, writ ref'd n.r.e.); *Guerrero v. Aetna Casualty & Surety Company*, 575 S.W.2d 323 (Tex.Civ.App.— San Antonio 1978, no writ); *Sterling v. United States Fidelity and Guaranty Company*, 564 S.W.2d 779 (Tex.Civ.App.— Beaumont 1977, no writ). Also see: York "'Stacking' Uninsured Motorist Protection, Medical Payments, and Personal Injury Protection Coverages in Texas," 7 St. Mary's L.J. 837 (1976) and "Combining or 'Stacking' of 'No Fault' or Personal Injury Protection (PIP) Coverages in Automobile Liability Policy or Policies," 29 A.L.R. 4th 12 (1984).

In *Dabney v. Home Insurance Company*, 643 S.W.2d 386 (Tex.1982), the court did say that P.I.P. coverage is comparable to medical payments coverage in that both are no-fault and pay for similar expenses. But, in that case the court was only asked to decide if the P.I.P. payments constituted a credit under the liability provisions of the

policy. It did not pass on the issue of stacking P.I.P. coverage and it did not reject the holdings by the three Courts of Civil Appeals which had denied stacking.

We need not decide this case on the issue of stacking coverage on different policies. Article 5.06–3, Tex.Ins.Code, provides that the personal injury protection "shall not exceed $2,500 for all benefits, in the aggregate, for each person." Howard Nations in his comment "Statutory Damages Recovery: Personal Injury Protection Coverage," 18 S.Tex.L.J. 289 at 290 (1977), discusses coverage provided by the Texas statute and concludes:

> Maximum recovery under the Texas statute is $2,500 for each person for payment of all "reasonable" medical expenses, funeral services, loss of income compensation, and substitute service compensation incurred within three years of the accident.

In the *Guerrero* case, the court said an "other insurance" clause does not deprive the insured of the protection required by Article 5.06–3, Tex.Ins.Code. The effect of such clause is to limit a person's recovery to the amount of his loss up to the $2,500.00 statutory limit. In *American Motorists Insurance Company v. Briggs*, 514 S.W.2d 233 (Tex.1974), the court in considering the Texas Uninsured Motorist statute said:

> If coverage exists under two or more policies, liability on the policies is joint and several to the extent of the plaintiff's actual damages, * * *.

Relying upon the holding in *American Motorists Insurance Company v. Briggs*, the court in *Creighton v. Fidelity & Casualty Company of New York*, 581 S.W.2d 815 (Tex.Civ.App.—Fort Worth 1979, no writ) said:

> [I]nsofar as PIP coverage is involved, no matter the number of policies—the benefits payable because of PIP coverage, whether by multiple policies or not, could not in the aggregate exceed the actual loss sustained * * *.

We conclude that recovery of P.I.P. benefits is limited to the actual loss

sustained and there may be no double recovery even when two different policies provide the same coverage. Although it would seem that the coverage on the vehicle involved in the loss should be the primary coverage, if the holding in the Briggs case is applied to P.I.P. coverage the "other insurance" clause would not determine primary and secondary liability and each carrier would be jointly and severally liable for the damages sustained up to its policy limits. In our case, Allstate, the carrier on the vehicle involved in the loss, paid the actual damages in full. Therefore, USAA has no liability to the Appellant.

The judgment of the trial court is reversed and judgment rendered for Appellant. The motion for rehearing is overruled.